## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK SHARP & DOHME CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>UNICHEM LABORATORIES LIMITED and  UNICHEM PHARMACEUTICALS (USA), INC.<br><br>*Defendants*. | C.A. No. _____ |

## COMPLAINT

Plaintiff Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendants' submission of Abbreviated New Drug Application ("ANDA") No. 214693 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a version of JANUVIA® (sitagliptin phosphate) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent").

2.      Unichem Laboratories Limited notified Merck by letter dated August 3, 2020 ("Unichem's Notice Letter") that it had submitted to the FDA ANDA No. 214693 ("Unichem's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets ("Unichem's ANDA Product") prior to the expiration of the '708 patent.

1

ME1 34248829v.1

3.    On information and belief, Unichem's ANDA Product is a generic version of Merck's JANUVIA®.

## PARTIES

4.    Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

5.    Merck is the holder of NDA No. 021995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.

6.    On information and belief, Defendant Unichem Laboratories Limited is a corporation organized under the laws of India, having a principal place of business and corporate office in India, with a registered office at Unichem Bhavan, Prabhat Estate off S.V. Road, Jogeshwari (West) Mumbai 400102, Maharashtra, India, and a "corporate office" at Unichem Laboratories Centre of Excellence, Plot Nos. 12 to 14, Pilerne Industrial Estate, Pilerne, Bardez, Goa 403511. Upon information and belief, Unichem Laboratories Limited is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Unichem Pharmaceuticals (USA), Inc.

7.    On information and belief, Defendant Unichem Pharmaceuticals (USA), Inc. is a corporation organized under the laws of the State of New Jersey and has its principal place of business at 777 Terrace Avenue, Suite 102, Hasbrouck Heights, New Jersey 07604.  On information and belief, Unichem Pharmaceuticals (USA), Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

2

ME1 34248829v.1

8.      On information and belief, Unichem Pharmaceuticals (USA), Inc. is a wholly owned subsidiary of Unichem Laboratories Limited  Unichem Laboratories Limited and Unichem Pharmaceuticals (USA), Inc. are collectively referred to herein as "Unichem."

9.      On information and belief, Unichem Laboratories Limited and Unichem Pharmaceuticals (USA), Inc. acted in concert to prepare and submit Unichem's ANDA to the FDA.

10.     On information and belief, Unichem Laboratories Limited and Unichem Pharmaceuticals (USA), Inc. know and intend that upon approval of Unichem's ANDA, Unichem will manufacture, market, sell, and distribute Unichem's ANDA Product throughout the United States, including in Delaware.  On information and belief, Unichem Laboratories Limited and Unichem Pharmaceuticals (USA), Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Unichem's ANDA Product, and enter into agreements that are nearer than arm's length.  On information and belief, Unichem Laboratories Limited and Unichem Pharmaceuticals (USA), Inc. participated, assisted, and cooperated in carrying out the acts complained of herein.

11.     On information and belief, following any FDA approval of Unichem's ANDA, Unichem Laboratories Limited and Unichem Pharmaceuticals (USA), Inc. will act in concert to distribute and sell Unichem's ANDA Product throughout the United States, including within Delaware.

**JURISDICTION**

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.     This Court has personal jurisdiction over Unichem.

3

14.     Unichem Laboratories Limited is subject to personal jurisdiction in Delaware because, among other things, Unichem Laboratories Limited, itself and through its wholly owned subsidiary Unichem Pharmaceuticals (USA), Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Unichem Laboratories Limited, itself and through its wholly owned subsidiary Unichem Pharmaceuticals (USA), Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.  In addition, Unichem Laboratories Limited is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Unichem Pharmaceuticals (USA), Inc. and therefore the activities of Unichem Pharmaceuticals (USA), Inc. in this jurisdiction are attributed to Unichem Laboratories Limited.

15.     Unichem Pharmaceuticals (USA), Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  In addition, on information and belief, Unichem Pharmaceuticals (USA), Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

16.     In addition, this Court has personal jurisdiction over Unichem because Unichem Laboratories Limited regularly engages in patent litigation concerning FDA-approved branded

4

drug products in this district, does not contest personal jurisdiction in this district, and has purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Otsuka Pharmaceutical Co., Ltd., v. Unichem Laboratories Ltd.*, 19-1977-LPS (D. Del. Nov. 8, 2019); *H. Lundbeck A/S, Takeda Pharmaceutical Company Ltd. et al* v. *Unichem Laboratories, Ltd.*, 18-92-LPS (D. Del. Feb. 8, 2018); *Bristol-Myers Squibb Company et al v. Unichem Laboratories, Ltd.*, 17-382 (D. Del. May 25, 2017).

17.     On information and belief, if Unichem's ANDA is approved, Unichem will manufacture, market, sell, and/or distribute Unichem's ANDA Product within the United States, including in Delaware, consistent with Unichem's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Unichem regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Unichem's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Unichem's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Unichem's ANDA Product is approved before the patent expires.

18.     On information and belief, Unichem derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Unichem and/or for which Unichem Laboratories Limited and/or Unichem

5

ME1 34248829v.1

Pharmaceuticals (USA), Inc. is/are the named applicant(s) on approved ANDAs.  On information and belief, various products for which Unichem Laboratories Limited and/or Unichem Pharmaceuticals (USA), Inc. is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.

## VENUE

19.    Merck incorporates each of the preceding paragraphs 1–18 as if fully set forth herein.

20.    Venue is proper in this district as to Unichem Laboratories Limited under 28 U.S.C. § 1391 because Unichem Laboratories Limited is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

21.    Venue is also proper in this district as to Unichem under 28 U.S.C. § 1400(b) because on information and belief, Unichem's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware.  Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Unichem's ANDA Product is approved before the patent expires.

## THE '708 PATENT

22.    Merck incorporates each of the preceding paragraphs 1–21 as if fully set forth herein.

23.    The inventors named on the '708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

24.    The '708 patent, entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor" (attached as Exhibit A), was duly and legally issued on February 5, 2008.

25.    Merck is the owner and assignee of the '708 patent.

6

26.      The '708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the '708 patent.

27.      JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUVIA® in the FDA's Orange Book.

## COUNT I – INFRINGEMENT OF THE '708 PATENT

28.      Merck incorporates each of the preceding paragraphs 1–27 as if fully set forth herein.

29.      In Unichem's Notice Letter, Unichem notified Merck of the submission of Unichem's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Unichem's ANDA Product prior to the expiration of the '708 patent.

30.      In Unichem's Notice Letter, Unichem also notified Merck that, as part of its ANDA, Unichem had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the '708 patent.  On information and belief, Unichem submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Unichem's ANDA Product.

31.      In Unichem's Notice Letter, Unichem stated that Unichem's ANDA Product contains sitagliptin phosphate as an active ingredient.

ME1 34248829v.1

32.    Unichem's ANDA Product, and the use of Unichem's ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Unichem's ANDA Product.

33.    In Unichem's Notice Letter, Unichem did not contest infringement of claim 1 of the '708 patent.

34.    Unichem's submission of its ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Unichem's ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

35.    On information and belief, Unichem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Unichem's ANDA Product immediately and imminently upon approval of its ANDA.

36.    The manufacture, use, sale, offer for sale, or importation of Unichem's ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

37.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Unichem's ANDA Product in accordance with, and as directed by its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

38.    On information and belief, Unichem plans and intends to, and will, actively induce infringement of the '708 patent when Unichem's ANDA is approved, and plans and

8

intends to, and will, do so immediately and imminently upon approval. Unichem's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

39. On information and belief, Unichem knows that Unichem's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Unichem's ANDA Product is not a staple article or commodity of commerce, and that Unichem's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Unichem plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Unichem's ANDA.

40. Notwithstanding Unichem's knowledge of the claims of the '708 patent, Unichem has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Unichem's ANDA Product with its product labeling following FDA approval of Unichem's ANDA prior to the expiration of the '708 patent.

41. The foregoing actions by Unichem constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

42. On information and belief, Unichem has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

43. Merck will be substantially and irreparably damaged by infringement of the '708 patent.

9

44.     Unless Unichem is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

**COUNT II – DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE '708 PATENT**

45.     Merck incorporates each of the preceding paragraphs 1–44 as if fully set forth herein.

46.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Unichem on the other regarding Unichem's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

47.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Unichem's  ANDA Product with its proposed labeling, or any other Unichem drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

**PRAYER FOR RELIEF**

WHEREFORE, Merck requests the following relief:

(a)     A judgment that the '708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Unichem's submission to the FDA of Unichem's ANDA;

(b)     A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Unichem's ANDA Product, or any other drug product that infringes or the use of which infringes the '708 patent, be not earlier than the latest of the

10

expiration date of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining Unichem, and all persons acting in concert with Unichem, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Unichem's ANDA Product, or any other drug product covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Unichem's ANDA Product, or any other drug product that is covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the '708 patent;

(e)     A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(f)     Costs and expenses in this action; and

(g)     Such further and other relief as this Court may deem just and proper.

ME1 34248829v.1

Dated: September 15, 2020

OF COUNSEL:

Bruce R. Genderson
Jessamyn S. Berniker
Stanley E. Fisher
Alexander S. Zolan
Elise M. Baumgarten
Shaun P. Mahaffy
Anthony H. Sheh
Jingyuan Luo
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
sfisher@wc.com
azolan@wc.com
ebaumgarten@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

Respectfully submitted,

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
T: (302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*Merck Sharp & Dohme Corp.*

12

ME1 34248829v.1